IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY LEE OLDS, #07094-017                                                                PETITIONER

VS.                                                              CIVIL ACTION NO. 3:20-cv-387-DPJ-FKB

SHANNON D. WITHERS,
WARDEN                                                                                      RESPONDENT

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2241 by federal prisoner Johnny Lee Olds, who was incarcerated at the Yazoo City Federal Correctional Complex at the time he filed the case. Represented by counsel, Petitioner asserts that his sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA"). The undersigned recommends that the petition be dismissed.

On February 27, 2009, Olds entered a plea of guilty in the United States District Court for the Northern District of Florida to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Judgment [32], *United States v. Olds*, No. 3:09-CR-4-MCR-EMT (N.D. Fla. Nov. 25, 2009). At the time of his sentencing, Olds had prior state felony convictions for burglary of a structure, attempted robbery, sale of cocaine, and aggravated battery on a pregnant woman. *Olds v. United States*, No. 19-13195-E, 2019 WL 7989938, *1 (11th Cir. 2019)(denying COA for denial of motion to vacate filed pursuant to 28 U.S.C. § 2255); *see also Olds v. United States*, No. 3:16-CV-276-MCR-EMT, 2019 WL 3021463 (N.D. Fla. Apr. 23, 2019)(denial of motion filed pursuant to 28 U.S.C. § 2255). Based on his criminal history, the Presentence Investigation Report calculated his criminal history category as VI based on his thirty-four (34) criminal history points, irrespective of his ACCA designation. *Olds*, 2019

WL 3021463, at *1.  "The applicable advisory guidelines range, adjusted for the statutory minimum mandatory sentence, was 180 to 210 months' imprisonment."  *Id.*  The Northern District of Florida sentenced Olds as an "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to 210 months of imprisonment in the Bureau of Prisons, with credit for time served in state custody, followed by a term of five years of supervised release.  Judgment [32] at 2-3, *Olds*, No. 3:09-CR-4-MCR-EMT.

Olds has mounted several challenges to his guilty plea and sentence.  The Eleventh Circuit affirmed his conviction and sentence on direct appeal.  *Olds*, 2019 WL 3021463, at *2.  Olds filed a 28 U.S.C. § 2255 challenge to his sentence in December 2014, which his sentencing court summarily denied and dismissed as untimely.  *Id.* at *2.

In the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the so-called "residual clause" of the ACCA unconstitutional,[1] Olds requested leave from the Eleventh Circuit to file a successive § 2255.  *Id.* at 2.  In November 2015, the Eleventh Circuit denied the motion because, at the time, *Johnson* had not been made retroactive on collateral review.  *Id.*

In December 2015, while incarcerated at USP Lewisburg, located in Union County, Pennsylvania, Olds filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania.  *Olds v. Ebert*, No. 1:15-CV-02377, 2016 WL 3693749 (M.D. Pa. May 16, 2016), *adopted*, 2016 WL 3683300 (July 12, 2016).  In that petition, Olds argued that *Johnson* invalidated his sentence because "an

---

[1] Under the ACCA, the statutory definition of a violent felony is an offense that either "'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause] or (ii) is burglary, arson, extortion, involves the use of explosives [known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause].'"  *Olds*, 2019 WL 3021463, at *2 (quoting 18 U.S.C. § 924(e)(2)(B)(i) and (ii)).

2

unspecified number of the predicate convictions used to enhance his sentence were based on the residual clause of the ACCA." *Id.* at *1.  The Middle District of Pennsylvania found that Olds's challenge fell outside of the savings clause of 28 U.S.C. § 2255(e) because, *inter alia*, "the *Johnson* ruling merely dealt with sentencing and did not decriminalize the offense for which Olds was convicted, possession of a firearm by a convicted felon." *Id.* at *2.  The court dismissed the petition without prejudice to the petitioner's right to file a § 2255 motion in his sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they might apply. *Id.* at *3.  The court also observed that Olds had an application for leave to file a successive § 2255 pending before the Eleventh Circuit, filed just days after the Supreme Court found that *Johnson* announced a substantive rule that applied retroactively on collateral review.  *Id.* at *1 (citing *Welch v. United States*, 136 S. Ct. 1257 (2016)).

In May 2016, the Eleventh Circuit granted Olds's request for leave to file a successive motion to vacate his sentence based on *Johnson*'s invalidation of the ACCA's residual clause. *Olds*, 2019 WL 3021463, at *2.  And in June 2016, Olds filed a successive motion to vacate pursuant to 28 U.S.C. § 2255.  *Id.*  In his motion to vacate, Olds did not dispute that his conviction for sale or delivery of cocaine was a "serious drug offense" under § 924(e)(2)(A).  *Id.* at *2-*3.  However, Olds argued that he was entitled to sentencing relief pursuant to *Johnson* because he no longer had "three ACCA-qualifying prior convictions under the 'enumerated offenses' clause or the 'elements clause'" of the statute. *Id.* at *2.  After examining his underlying convictions of burglary, robbery, and aggravated battery on a pregnant person, Olds's sentencing court denied the motion, finding that he had not shown that his ACCA sentence was predicated upon the invalidated residual clause.  *Id.* at *3.  On appeal, the Eleventh Circuit

3

affirmed, finding that the district court correctly concluded that Olds did not meet the requirements of § 2255(h)(2) "because he did not fall within the scope of the rule announced in *Johnson*," and therefore, it denied his request for a certificate of appealability. *Olds*, 2019 WL 7989938, at *2.

Olds filed this § 2241 petition in June 2020. In this action, he argues that after *Johnson*, he is no longer an armed career criminal because his convictions for aggravated battery of a pregnant person and burglary are no longer valid ACCA predicate offenses. He asserts that there is no basis in current law for his sentence and points to the law of other circuits, which has held that § 2241 relief is available to a petitioner where, as here, "the target of the petition is a sentence enhancement." *See Hill v. Masters*, 836 F.3d 595 (6th Cir. 2016); *see also United States v. Wheeler*, 866 F.3d 416, 429 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019); *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013). Moreover, he asserts that he qualifies for the savings clause under the Fifth Circuit's test set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). Olds argues that he may nevertheless proceed under § 2241 because his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is "inadequate or ineffective to test the legality of [his] detention." *See* 28 U.S.C. § 2255(e).

However, the United States Supreme Court has recently abrogated the § 2255(e) savings clause test found in *Reyes-Requena* and similar tests in cases from other circuits. *See Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023)(citing cases). Describing these savings clause tests as "workaround[s]" allowing "end-run[s] around AEDPA[,]"[2] the Supreme Court concluded that the AEDPA "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 1868-1869. The Supreme Court also noted that the AEDPA's restrictions on § 2255 should not be read as "expansions of § 2241's applicability." *Id.* at 1869.

The *Jones* decision leaves no doubt that § 2241 is unavailable to Olds as a method to challenge to his sentence enhancement in this forum. Olds's sentencing court has already denied his request to file a "second or successive" § 2255 because it found that he did not meet the gateway provisions of § 2255(h). *Olds*, 2019 WL 3021463, at *1. And on appeal, the Eleventh Circuit affirmed the ruling and denied him a certificate of appealability. *Olds*, 2019 WL 7989938, at *2. Moreover, even prior to *Jones*, it was well-established in the Fifth Circuit that claims relating to sentence enhancement determinations were not cognizable under § 2241. *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010) (claim that petitioner was actually

---

[2] When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), it limited "second or successive" § 2255 motions to those that contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

innocent of career offender enhancement did not satisfy savings clause); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim that petitioner was not a career offender under sentencing guidelines did not fall within savings clause). Likewise, Olds's "unsuccessful attempt to receive authorization to file a successive § 2255 motion does not entitle [him] to proceed with the same claim in a § 2241 petition." *Greer v. Shults*, Civil Action No. 3:17cv755-DPJ-FKB, 2017 WL 8788422 at *2 (S.D. Miss. Nov. 15, 2017)(citing *Kinder*, 222 F.3d at 213). Thus, this Court is without jurisdiction to consider the petition.

For these reasons, the undersigned recommends that the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of July, 2023.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).